# The Supreme Court of South Carolina

Daniel O'Shields and Roger W. Whitley, a Partnership
d/b/a O&W Cars, Petitioner,

v.

Columbia Automotive, LLC d/b/a Midlands Honda,
Respondent.

Appellate Case No. 2021-001388

---

ORDER

---

After careful consideration of Petitioner's petition for rehearing, the Court grants
the petition for rehearing, dispenses with further briefing, and substitutes the
attached opinion for the opinion previously filed in this matter.

|  |  |
|---|---|
| s/ Donald W. Beatty | CJ |
| s/ John W. Kittredge | J. |
| s/ John Cannon Few | J. |
| s/ George C. James, Jr. | J. |
| s/ D. Garrison Hill | J. |

Columbia, South Carolina
May 22, 2024

cc:     Brooks Roberts Fudenberg
        C. Steven Moskos
        Harry Clayton Walker Jr.

Sarah Patrick Spruill
James Y. Becker
The Honorable Jenny Abbott Kitchings

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Daniel O'Shields and Roger W. Whitley, a Partnership d/b/a O&W Cars, Petitioner,

v.

Columbia Automotive, LLC d/b/a Midlands Honda, Respondent.

Appellate Case No. 2021-001388

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Richland County
R. Ferrell Cothran Jr., Circuit Court Judge

---

Opinion No. 28194
Heard September 13, 2023 – Filed May 22, 2024

---

## AFFIRMED

---

C. Steven Moskos, of C. Steven Moskos, PA, of North Charleston; and Brooks Roberts Fudenberg, of the Law Office of Brooks R. Fudenberg, LLC, of Charleston, both for Petitioner.

James Y. Becker, of Haynsworth Sinkler Boyd, PA, of Columbia; Sarah Patrick Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville; and Harry Clayton Walker Jr., of Haynsworth Sinkler Boyd, PA, of Charleston, all for Respondent.

**JUSTICE KITTREDGE:** We granted a writ of certiorari to review the court of appeals' decision in *O'Shields v. Columbia Automotive, L.L.C.*, 435 S.C. 319, 867 S.E.2d 446 (Ct. App. 2021). The primary issue before us is the court of appeals' affirmance of the trial court's reduction of the punitive damages award. We affirm the court of appeals.[1]

The facts are fully set forth in the court of appeals' opinion, so we provide only a brief summary. In short, Respondent Midlands Honda, a South Carolina car dealership, learned it had sold a car that consisted of two cars welded together—known as a "clipped car." As a result, it re-purchased the car from the buyer. Subsequently, Respondent sold the car "as is" through a North Carolina auction open only to licensed car dealers.

Only four months prior, the auction's terms and conditions of sale changed to require the disclosure of a car's damage, even when it is sold "as is." Respondent was unaware of that new disclosure obligation as it did not receive written notice of the rule change—despite the auction's policy mandating such notice. Accordingly, Respondent did not affirmatively disclose the car's clipped condition. Instead, Respondent relied on the "as is" nature of the auction sale.

At the auction, Petitioner O&W Cars, a North Carolina used car dealership, purchased the car for $5,200. Petitioner did not discover the clipped nature of the car in its inspection. Petitioner sold the car for $6,800. The purchaser subsequently discovered the car's true, clipped condition and returned it to Petitioner.

Petitioner then sued Respondent for actual and punitive damages, asserting fraud and unfair trade practices claims. The jury returned a verdict of $6,645 in actual damages and $2,381,888 in punitive damages, equaling a 358:1 ratio of punitive to actual damages. Pursuant to Respondent's post-trial motion, the trial court found the punitive damages award constitutionally excessive in violation of Respondent's right to due process and reduced the award to $46,515, representing a 7:1 ratio. The trial court made several important factual findings regarding the evidence supporting the punitive damages award. First, the trial court found Respondent had "a good-faith basis for believing no duty to disclose exist[ed]." *See BMW of N. Am., Inc. v. Gore*,

---

[1] We affirm the balance of the court of appeals' decision pursuant to Rule 220, SCACR.

517 U.S. 559, 580 (1996) (stating a good-faith omission "of a material fact may be less reprehensible than a deliberate false statement").  Second, "there is no evidence that [Respondent] ever made a false representation."  Third, this was an "isolated incident."  Finally, the trial court found "there was little, if any, chance of harmful consequences to the [Petitioner]."  The reduced punitive damages award was, according to the trial court, the "upper limit of the range of punitive damages awards consistent with due process" given the facts presented.  *See generally Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 276 (1989) (noting the Due Process Clause places "outer limits" on the size of civil damages awards); *Hollis v. Stonington Dev., L.L.C.*, 394 S.C. 383, 404, 714 S.E.2d 904, 915 (Ct. App. 2011) ("In reducing the amount of the punitive damages, . . . in deference to the jury, we may do no more than determine the upper limit of the range of punitive damages awards consistent with due process on the facts of this case, and set the amount of punitive damages accordingly.").

As noted, the court of appeals affirmed the trial court's reduced punitive damages award.  Having carefully reviewed the record and governing federal and North Carolina law,[2] we affirm and adopt the court of appeals' thorough analysis and determination that the punitive damages award represents the highest award due process allows considering the particular facts of this case.  As a result, and as explained more fully by the court of appeals, this case will be remanded to the trial court for consideration of additional matters unrelated to the punitive damages award.

**AFFIRMED.**

**FEW, JAMES, and HILL, JJ., concur.  BEATTY, C.J., concurring in result only.**

---

[2] As fully explained in the court of appeals' decision, the parties and lower courts all agree North Carolina's substantive law governs this dispute.